No. 14,304.

PEOPLE EX REL. SWAYZE ET AL. *v.* BIXBY.

(81 P. [2d] 880)

Decided July 11, 1938.

Mr. FRANK SEYDEL, for plaintiff in error.

Mr. GEORGE H. LERG, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE people of the state of Colorado on the relation of Swayze, Wells and Clark, members of the state board of hail insurance, instituted this action against defendant Bixby, for usurpation of the office of commissioner of the state board of hail insurance, to prevent his performance of the duties relative to that office, and to oust him therefrom.

On December 1, 1937, defendant appeared at the office of the board of hail insurance and declared that he was, by

584

virtue of an appointment from the Governor of the state of Colorado, the duly appointed commissioner of hail insurance and proceeded to act as such from that date. Relators alleged this action on the part of defendant to be an unlawful intrusion into, and usurpation of, the office, contending that the power to appoint such commissioner was and is vested in them as members of the state board of hail insurance, under the provisions of chapter 111, of the Session Laws of 1929, and they contend that the governor of the state of Colorado does not have the power or authority to make such appointment as was made by the appointment of defendant, acting under authority of chapter 37, Session Laws of 1933, known as the "Administrative Code," and now appearing as chapter 3, volume 2, C. S. A. '35. The sole question here involved is thus presented.

 Defendant was certified to the office by the Civil Service Commission as a provisional appointee, thereafter appointed upon executive order of the Governor, and this appointment was approved by the executive council and by the state director of agriculture. That the proper procedure was followed in the appointment, if the Governor had the authority to appoint, is not questioned. The business of the department of state hail insurance, as created by chapter 111, S. L. 1929, was to be administered thereunder by a state board of hail insurance, consisting of three members who were therein directed to appoint a commissioner of hail insurance, not a member of the board, to manage the business of the department. The act of 1933, known as the "Administrative Code," created and established six administrative departments of state government without disturbing some departments; by abolishing certain offices; modifying certain departments; and the act created new offices and transferred agencies and powers from one department to another, with the primary purpose of a practical and economic consolidation of the various functions of the state

government except as to the legislative and judicial departments.

The first administrative department established under this code is the "Executive Department." Section 3 of article 1 of the "Administrative Code" provides that there shall be a chief executive officer of each of the administrative departments so created, and vests such executive officer with full charge and general supervision of the department with full power to exercise and perform the duties vested by the act in the respective departments, except where detailed matters of policy are expressly conferred by law upon any subordinate officer in the respective administrative departments.

Section 3 provides that the governor shall be the chief executive officer of the "Executive Department." Paragraph 8, section 10, article 2 of the "Administrative Code" places the department of agriculture in the organization of the executive department, and that the division of agriculture shall consist of administrative departments, agencies and offices, among which is the state hail insurance department, and provides that it shall continue as then organized and existing. It is apparent that under section 6 of article 1, the officers and employees necessary in each department shall be appointed by the chief executive officer of that department, subject to the approval of the executive council, in conformity with the provisions of article XII, section 13 of the Constitution of Colorado, and the laws enacted in accordance therewith. This appointive power or the power to appoint a commissioner of hail insurance for one of the subordinate administrative divisions of the executive department is clearly vested in the governor of the state of Colorado as the chief executive officer of the administrative department in which the department of hail insurance was placed. The power to appoint such officers, assistants and employees as are necessary in each department is clearly vested in the chief executive officer of the department, except as is otherwise provided in the act. It is not

pointed out, and no claim is made, that there is any exception to be found in the act which would apply to the action of the Governor herein claimed by plaintiff to be unauthorized.

The exercise of the power granted to the chief executive officer of the administrative department, in this case the governor, is not to be classed as a "detailed matter of policy" within the exception provided in the act. If it could be so classified, then it must appear in the act that this or any other "detailed matter of policy" has been conferred upon some subordinate officer of the state hail insurance department. The act is silent as to any such conferment. The power to make the appointment as claimed by relators was given them as members of the state board of hail insurance, by the legislature in the act of 1929, creating the board. This power was taken away from the board in the later 1933 act, by the same sovereignty that gave it to them in the first instance. The later act must and does prevail.

The issue was submitted to the court without a jury upon a stipulation of facts which, in substance, is hereinbefore set out. Upon hearing, the court entered its order and judgment to the effect that the writ be dismissed.

The judgment was right and is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.